# DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## *LIMITED ACTIONS DEPARTMENT*

FOR CLERK'S USE ONLY

PLAINTIFF          PHONE NO: (913) 371-0727

Matthew Kalebaugh

748 Ann Avenue
ADDRESS
Kansas City        Kansas        66101
CITY               STATE         ZIP

Vs        DEFENDANT

Berman & Rabin P.A.

15280 Metcalf Avenue
ADDRESS
Overland Park, Kansas  66223
CITY               STATE         ZIP

Case No. **13LM3230**   Division No. **13**

## LIMITED ACTION
PURSUANT TO K.S.A. CHAPTER 61
## SUMMONS

**You must be present in Court on the** 19th **day of** June **, 20** 13 **at** 9 **a.m., or file your answer before said time and date.** If you appear and dispute the petition you must file your answer with the clerk of this Court within 10 days thereafter. If you are served outside of Kansas you may file your answer in writing within 30 days after service of summons upon you.

**TO THE ABOVE NAMED DEFENDANT(S):**
YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this Court. You must answer to the petition, which is herewith served upon you, and serve a copy of your answer upon Plaintiff's attorney **A.J. Stecklein, 748 Ann Avenue, Kansas City, Kansas 66101,** within the time specified above.

**If you do not obey this summons,** judgment by default will be taken against you for the relief demanded in the petition. Your responsive pleading may state as a counterclaim any related claim you may have against the Plaintiff.

**If you are not represented by an attorney your answer shall be signed by you.** The answer shall state the following:
(1) What the dispute is, (2) any affirmative defense you have to the claim, (3) Any claim you have against the Plaintiff which arises out of the transaction or occurrence which is the subject of the Plaintiff's claim, and (4) Your or your attorney's current address, phone number, facsimile number and electronic mail address.

**You must also promptly send a copy of your answer to the Plaintiff's attorney or the Plaintiff, if the Plaintiff has no attorney.**

Dated: **5·22·13**

K. Purduski
Clerk of the District Court/Deputy

Return is due no later than 5 days before the date stated on the summons for the Defendant to either appear or plead to the petition.

-----RETURN ON SERVICE OF SUMMONS-----
I hereby certify under oath that I served this summons

☐ **PERSONAL SERVICE:** By delivering a copy of said summons and a copy of the petition to the defendant on _____, 20____

☐ **RESIDENCE SERVICE:** By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant on _____, 20____ with _____, a person of suitable age and discretion therein at _____

☐ **AGENT SERVICE:** By delivering a copy of said summons and a copy of the petition to the agent _____, authorized by appointment or by law to receive service of process on _____, 20_____

☐ **RESIDENCE SERVICE MAILING:** By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant and mailing by first-class mail a notice that such copies have been left on _____,20 _____ at _____

☐ **CERTIFIED MAIL SERVICE:** By mailing, by first class mail, postage prepaid, a copy of said summons and a copy of the petition to the defendant on _____ , 20____. The name and address on the envelope read: _____.

☐ **NO SERVICE:** The defendant was not found in this county.

Dated_____        By_____
*Process Server Signature*

EXHIBIT A

In the District Court of Wyandotte County, Kansas
Limited Actions

FILED

2013 MAY 22  AM 9: 10

CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS

BY                    DEPUTY

Matthew Kalebaugh,

                              Plaintiff,

vs.

Berman & Rabin P.A.,

                              Defendant.

Case Number: 13LM3230

Division: 13

6/19

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

1.      Plaintiff is a resident of Kansas.

2.      Defendant Berman & Rabin P.A. is a Kansas corporation.

3.      At all times relevant hereto, Defendant Berman & Rabin P.A. was and is engaged in the business of consumer debt collection, all within Kansas.

4.      The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

5.      On or about October 4, 2012, Defendant Berman & Rabin P.A. mailed a collection letter to Matthew Kalebaugh in an attempt to collect a consumer debt.

6.      A copy of the letter is attached hereto as Exhibit A and incorporated by reference.

7.      The pertinent part of the letter reads as follows:

EXHIBIT A

## BERMAN & RABIN, P.A.
ATTORNEYS AT LAW
15280 METCALF AVE.
OVERLAND PARK, KS 66223
P.O. BOX 24327-66283
FAX: (913) 649-2335

October 4, 2012

Re:  Your indebtedness to: CITIBANK, N.A -SEARS GOLD MASTERCARD
      Balance: $7,872.73, attorney fees (where applicable), the exact amount to be determined by agreement
      between you and us or by a court.
      Our File No. C104838-34

MATTHEW KALEBAUGH

This office represents the above referenced creditor. At this time, no attorney with this firm has personally reviewed
the particular circumstances of your account.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Matthew Kalebaugh, and as for Count I against
Defendant Berman & Rabin P.A., states and alleges as follows:

8.     Plaintiff incorporates herein the preceding paragraphs as though fully set
forth hereunder.

9.     This is an action for damages brought by an individual consumer for
Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*
(hereinafter FDCPA), which prohibits debt collectors from engaging in abusive,
deceptive, and unfair practices.

10.    Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

11.    The principal purpose of Defendant Berman & Rabin P.A. is the collection
of consumer debts using the mails and telephone, and Defendant regularly attempts to
collect debts alleged to be due another.

12.    Defendant is a debt collector as defined by 15 USC §1692a(3) who uses
any instrumentality of interstate commerce or the mails in any business, the principal

2

EXHIBIT A

purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

13.     The Defendant was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

14.     The standard in determining whether the Defendant violated the FDCPA is the least sophisticated consumer standard.  Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse.  *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

15.     The above-described actions of Defendant violated section 15 U.S.C. §1692g(a)(1) of the FDCPA which states that a debt collector must send the consumer a written notice containing "the amount of the debt".

16.     The above-described acts are misleading to the least sophisticated consumer because "Balance:  $7,872.73, attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court" fails to state the amount of the debt to any degree certain whatsoever.

3

EXHIBIT A

17.     Furthermore, the demand for attorney's fees, combined with the statement that "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account" indicate that demand is being made for fees not yet incurred.

18.     If, in fact, no attorney has reviewed the file, no attorney fees had been incurred at the time the letter was sent out.  Making such a demand for fees not yet incurred also violates 15 U.S.C. §1692e(5) which states that a debt collector cannot threaten to take any action that cannot legally be taken or that is not intended to be taken.

19.     Making such a demand for fees not incurred also violates 15 U.S.C. §1692e(2) which states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including (2) The false representation of – (A) the character, amount, or legal status of any debt.

20.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21.     As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

4

EXHIBIT A

Respectfully submitted,

By: _____

A.J. Stecklein #16330
Michael H. Rapp #25702
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0147
Email:  AJ@KCconsumerlawyer.com
          MR@KCconsumerlawyer.com
Attorneys for Plaintiff

EXHIBIT A

# BERMAN & RABIN, P.A.

ATTORNEYS AT LAW
15280 METCALF AVE.
OVERLAND PARK, KS 66223
P.O. BOX 24327-66283
FAX: (913) 649-2335

October 4, 2012

Re:     Your indebtedness to: CITIBANK, N.A -SEARS GOLD MASTERCARD
Balance: $7,872.73, attorney fees (where applicable), the exact amount to be determined by agreement
between you and us or by a court.
Our File No. C104838-34

MATTHEW KALEBAUGH

This office represents the above referenced creditor. At this time, no attorney with this firm has personally reviewed
the particular circumstances of your account.

Unless you dispute this debt, or any portion of it, within 30 days after you receive this notice, we will assume that it is
valid. If you notify us in writing within the 30 day period that you dispute this debt or any portion of it, we will obtain
verification of the debt or a copy of any judgment and mail it to you. If the above creditor is not your original creditor
and you submit a written request within the 30 day period for the name and address of the original creditor, we will
supply such information to you.

If you do dispute this debt in writing in the 30 day period, we will pend collection until we send you verification.

**If you contact our office please call Mrs. Pugh at (913) 982-0377 or toll free at 877-697-7938.**

This communication is from a debt collector.   This is an attempt to collect a debt and any information obtained will
be used for that purpose.

Sincerely,

BERMAN & RABIN, P.A.

CCLBERM01D51C

Please return with your payment.
**(Make checks payable to Citibank, N.A.)**

---



CLBERM01
PO Box 1022
Wixom MI 48393-1022

ADDRESS SERVICE REQUESTED

October 4, 2012

D51C    885572010

MATTHEW KALEBAUGH
835 N 83rd Dr
Kansas City KS 66112-1915      1307

Berman and Rabin, P.A.
PO Box 24327
Overland Park KS 66283-4327

MATTHEW KALEBAUGH
File No: C104838-34
Balance: $7,872.73



PLAINTIFF'S EXHIBIT A

EXHIBIT A