**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

MATTHEW KALEBAUGH )
                                    )
         Plaintiff, )
                                    )     Case No. 13-CV-2288-KHV-DJW
v. )
                                      )
BERMAN & RABIN, P.A. )
                                    )
         Defendant. )
                                      )
_____

JESSIE L. RAY )
                                    )
         Plaintiff, )
                                    )
v. )
                                      )
BERMAN & RABIN, P.A. )
                                    )
         Defendant. )
                                      )

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

        Defendant Berman & Rabin, P.A. (B&R) submits the following memorandum of law in support of its Motion for Summary Judgment.

**INTRODUCTION**

        Plaintiff Kalebaugh filed a Complaint against B&R, asserting that B&R violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, based on a letter sent to Plaintiff Kalebaugh in an attempt to collect a debt.  Specifically, Plaintiff Kalebaugh objects to the way that his balance is set out in the letter, alleging that it is misleading, requests fees not yet

incurred and thus is threatening to take action which cannot be taken, and is false.  Plaintiff

Kalebaugh asserts that B&R violated three sections of the FDCPA: §§ 1692g(a)(1), 1692e(5),

and 1692e(2)(A).

The letter at issue is attached to Plaintiff Kalebaugh's Petition,[1] and neither party disputes

that it is the letter that was sent to Plaintiff Kalebaugh by B&R.  Although B&R does not have

sufficient information at this time to determine if the debt it was attempting to collect is a

consumer debt subject to the FDCPA, or some other type of debt, even if the FDCPA does apply,

B&R maintains that its letter does not violate the FDCPA.  Additionally, neither party disputes

that the standard to review the letter is that of the least sophisticated consumer. Therefore, it is

simply a question of law as to whether this letter violates the FDCPA, which this Court can

decide based on this Motion for Summary Judgment.

There are no genuine disputes of fact regarding the claims at issue, the letter does not

violate the FDCPA as a matter of law, and B&R is entitled to judgment as a matter of law on all

of Plaintiff Kalebaugh's claims.

## STATEMENT OF UNCONTROVERTED FACTS

This is a straightforward case, and there are limited facts, none of which are contested.

1. B&R was hired by Citibank, N.A. to collect an outstanding balance on a credit

card owed by Plaintiff Kalebaugh.  (Exhibit 1, Affidavit of Michael H. Berman, ¶ 5).

2. In its efforts to collect the debt owed by Plaintiff Kalebaugh, B&R sent Plaintiff

Kalebaugh the October 4, 2012 letter at issue in this case, which stated "Balance:

$7,872.73, attorney fees (where applicable), the exact amount to be determined by

---

[1] This matter was initially filed in Kansas State Court.

agreement between you and us or by a court." (Exhibit 1, ¶ 6; Exhibit 2, October 4, 2012

Letter to Plaintiff).

3.      B&R only includes the language regarding the possibility of attorney's fees on

accounts where the consumer agreed to pay attorney's fees if the account is placed with

an attorney for collection **and** the creditor has authorized B&R to file a lawsuit to collect

the balance and attorney's fees, if the account is not otherwise resolved.  (Exhibit 1, ¶ 7).

4.      On or about December 12, 2012, B&R filed a lawsuit on behalf of Citibank, N.A.

and against Plaintiff Kalebaugh, seeking to obtain a judgment against Plaintiff Kalebaugh

for the outstanding balance due to Citibank, N.A., and for reasonable attorney's fees, in

Wyandotte County, Kansas, case number 12-LM-9580 ("State Lawsuit").  (Exhibit 1, ¶ 8;

Exhibit 3, Petition).

5.      The State Lawsuit is currently still pending, and set for trial on November 18,

2013. (Exhibit 1, ¶ 9).

## ARGUMENTS AND AUTHORITIES

### I. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted in favor of a party if "the pleadings, the discovery

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.

56(c)(2).  The court views the evidence in favor of the nonmoving party.  *Udell v. Kansas

Counselors, Inc.*, 313 F.Supp.2d 1135, 1138 (D.Kan. 2004).  The moving party has the initial

burden of demonstrating that there is no genuine issue of material fact and that it is entitled to

judgment as a matter of law.  *Id.*  The burden then shifts to the nonmoving party to set out

specific facts showing that there is a genuine issue for trial. *Id.* at 1139. "If, after reviewing the record as a whole, a rational fact finder could not find for the nonmoving party, summary judgment is appropriate." *Fed. Home Loan Mort. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007). Both parties are filing motions for summary judgment, and cross motions do not alter the standard of review.

## II. STANDARD FOR EVALUATING COLLECTION ACTIVITY

When evaluating a notice from a debt collector, the courts apply the objective standard of the least sophisticated consumer. *Ferree v. Marianos*, 129 F.3d 130, *1 (Table) (10th Cir. 1997). The least sophisticated consumer does not have "the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer." *Id.* (*quoting Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). However, the least sophisticated consumer is presumed to "possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (*quoting Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)); *see also Rachoza v. Gallas & Schultz*, 1998 WL 171280, *4 (D. Kan. Mar 23, 1998).

Although the least sophisticated consumer may be naïve and credulous, debt collectors are not held liable for unreasonable misinterpretations. *Hudspeth v. Capital Mgmt. Serv., L.P.*, 2013 WL 674019, *4 (D. Colo. Feb. 25, 2013). When reviewing letters under this standard "statements are not confusing or misleading unless a significant fraction of the population would be similarly misled." *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir.2003).

## III. B&R IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF KALEBAUGH'S CLAIM UNDER 16 U.S.C. § 1692g(a)(1)

Plaintiff Kalebaugh's primary claim is that B&R's letter, Exhibit 2, does not clearly state the amount due, as required by § 1692g(a)(1).  However, this assertion is simply wrong under the law.  The letter clearly states the balance due, which is $7,872.73.  It then goes on to say that there may be attorney fees, "where applicable," and then explains that the exact amount is not yet known because it will be determined by agreement or by a court.  Exhibit 2.  Plaintiff Kalebaugh claims that this is confusing and, therefore, fails to meet the requirements of § 1692g(a)(1).

Section 1692g(a)(1) requires the debt collector to clearly specify the amount of the debt that is due.  *Veach*, 316 F.3d at 692.  When stating the amount of the debt, it must be clear enough that the recipient is likely to understand it.  *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 677 (7th Cir. 2007).  The question to be considered is whether the letter causes confusion or misunderstanding of the amount due.  *Id*.  Here, the letter sent by B&R is clear enough that any recipient should be able to understand it, including the least sophisticated consumer.  *See Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-5 (7th Cir. 2004) (defendant's motion to dismiss was affirmed where letter listed the principal balance, interest owing, and total balance due, but also said "if applicable, your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor").

 In most cases addressing the issue of the amount of the debt under § 1692g(a)(1), the problem is generally that there is interest accruing and nothing clarifying the date whereby payment of the stated balance would suffice to pay the debt in full.  *E.g. Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 WL 2885887, *6 (D.N.J. July 23, 2008).  But that is not the issue here.  The B&R letter clearly states the amount due: "Balance: $7,872.73."  Exhibit 2.  The letter goes on to let Plaintiff Kalebaugh know that attorney's fees could be due, i.e. "where applicable," but

the amount of any such fees is not yet known.  This is nothing like the problem with the letter in the seminal case addressing the issue of § 1692g(a)(1), *Miller v. McCalla, Raymer, Radrick, Cobb, Nichols, And Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000).  In *Miller*, the dunning letter stated the "unpaid principal balance" of the loan, and then went on to say that amount did not include accrued but unpaid interest, as well as other charges.  *Id*. at 875.  Here, nothing about the letter, or the balance portion, suggests that there is an additional amount already accrued and currently due, but not included in the balance.

The additional information that B&R chose to provide to Plaintiff Kalebaugh, i.e. the possibility of attorney's fees, is a potential addition, which amount was unknown at the time the letter was sent.  B&R cannot be expected to include an amount that has not yet accrued, and the FDCPA and case law does not suggest otherwise.  *See e.g. Hutton v. Law Offices of Collins & LaMore*, 668 F.Supp.2d 1251 (S.D. Ca. 2009).  In *Hutton*, the defendant sent a letter stating "your outstanding balance due in the amount of $22,519.17, which may not include accruing interest…" *Id*. at 1253.   The court in *Hutton* found that this language was different from that in *Miller*.  *Id*. at 1257.  The *Hutton* court further found that the phrase "outstanding balance" implies that the amount listed is the entire amount owed.  *Id*.  The court then held that while accrued interest is past due and part of the debt, accruing interest is interest a debtor may owe in the future.  *Id*.  This accruing interest "is a *potential* add-on to his or her present debt that cannot be specified in a dunning letter and can only be referred to in a hypothetical sense."  *Id*. (emphasis in original).   The court then went on to find that the letter stating the current outstanding balance "leaves nothing to the imagination," and that a dunning letter cannot specify

interest that may accrue in the future.  *Id*. at 1257-8.  The court ultimately found that there was no FDCPA claim and dismissed the case for failure to state a claim.

Similarly, at the time that B&R sent the letter to Plaintiff Kalebaugh, it did not know if attorney's fees would be owed nor how much they would be, they were a "potential add-on." B&R was simply letting Plaintiff Kalebaugh know that, if applicable, such fees would be determined at a later time.  That is very like the *Hutton* situation, as B&R could not specify fees that may accrue in the future.

In fact, under Plaintiff Kalebaugh's theory, B&R should not have told him about that potential for attorney's fees, and instead surprised Plaintiff Kalebaugh with a request for attorney's fees when filing a lawsuit. That theory would then open the door for Plaintiff Kalebaugh, or other consumers, to sue B&R because B&R did *not* warn the consumer of the potential for attorney's fees.

The letter sent by B&R is not confusing on its face.  The least sophisticated consumer, and Plaintiff Kalebaugh, can read that letter and determine the exact balance due as of the date of the letter, which was $7,872.73.  The additional information simply lets the consumer know that should the debt not be resolved, there is a potential for attorney's fees.  There are no genuine disputes of fact, the letter does not violate the FDCPA, and § 1692g(a)(1) specifically, and B&R is entitled to judgment as a matter of law on this claim.

## IV. B&R IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF KALEBAUGH'S CLAIM UNDER 16 U.S.C. § 1692e(2)(A)

Plaintiff Kalebaugh also claims that listing potential attorney's fees is a false representation of the character, amount, or legal status of the debt, violating § 1692e(2)(A).  This claim fails for the same reasons that Plaintiff Kalebaugh's claim fails under § 1692g(a)(1).  Because B&R has stated the exact amount of the debt that is due on the date of the letter, there is no false representation.  Moreover, most courts require that any misrepresentation be material to violate § 1692e.  *See e.g. Sussman v. I.C. System, Inc.*, -- F.Supp.2d --, 2013 WL 842598, *8 (S.D.N.Y. Mar. 6, 2013).

As this account was one that could be sued on and ultimately was, in fact, sued on, Exhibit 3, the potential of attorney's fees was a true statement.  Exhibit 1, ¶¶ 7, 8.  Because, as Plaintiff Kalebaugh points out, such fees were not yet incurred when the letter was sent, they correctly were not calculated or included in the amount of the balance listed on the letter. Exhibit 2.  In fact, had B&R not included this language, letting Plaintiff Kalebaugh know about the potential for attorney's fees, and then filed suit requesting attorney's fees, we likely would still be in front of this Court, with the same violations alleged, but based instead on a failure to tell Plaintiff Kalebaugh about the potential attorney's fees.  Under Plaintiff Kalebaugh's theory, B&R would not tell a consumer that if B&R files suit, attorney's fees would be sought, thus creating an argument that B&R was actually hiding the true debt.  The consumer would not know that attorney's fees were possible until a lawsuit was filed.

If Citibank prevails in the State Lawsuit, attorney's fees will be determined by a court, exactly as specified in the letter.  Exhibit 2.  Therefore, B&R did not misrepresent the possibility of attorney's fees being part of the total balance.  And because attorney's fees were ultimately

sought, the inclusion of information about that potential cannot be deemed a material misrepresentation.

As Plaintiff Kalebaugh has not otherwise stated how including notice that there was a potential that he could be responsible for attorney's fees is a false representation of the character, amount, or legal status of his debt, there is no violation of § 1692e(2)(A).  There is no genuine dispute of fact and B&R is entitled to judgment as a matter of law on this claim.

### V. B&R IS ENTITLED SUMMARY JUDGMENT ON PLAINTIFF KALEBAUGH'S CLAIM UNDER 16 U.S.C. § 1692e(5)

Plaintiff Kalebaugh additionally makes the claim that because B&R properly explained that no attorney with the firm had yet reviewed his account at the time the letter was sent,[2] and also stated that the balance could ultimately include attorney's fees, the letter violated § 1692e(5) for threatening to take any action that cannot legally be taken or that is not intended to be taken.

To show a violation of § 1692e(5), a debtor must reasonably believe that the notice threatens legal action and that the debt collector does not intend to take legal action.  *Dupuy v. Weltman, Weinberg & Reis Co.*, 442 F.Supp.2d 822, 826 (N.D.Ca. 2006).  Here, Plaintiff Kalebaugh is speculating that when B&R includes the possibility of attorney's fees in the listing of the balance due, that is a false threat of legal action.  Plaintiff Kalebaugh's speculation about B&R's intentions does not create a genuine dispute of fact, let alone an actual violation of the FDCPA and § 1692e(5). *Cf. Shuler v. Ingram & Assoc.*, 2011 WL 4495624, *4 (11th Cir. Sept. 29, 2011).

---

[2] Falsely representing or implying that a communication is from an attorney violates § 1692d(3).  But law firms are allowed to act as debt collectors, provided they make it clear if no attorney with that firm has yet reviewed a specific file., which the language "no attorney with this firm has personally reviewed the particular circumstances of your account" does.  *See e.g. Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 365 (2d Cir. 2005).

More importantly, obviously there was no empty threat in the letter.  B&R only includes that language when fees are authorized by the debtor's agreement and the creditor has authorized B&R to file a lawsuit.  Exhibit 1, ¶ 7.  The information that attorney's fees could be due did not imply such fees had already accrued.  If such fees had accrued, they would have been included in the balance.  Rather, that information indicated what could, and did, happen.  A lawsuit was filed against Plaintiff Kalebaugh, which included a request for attorney's fees.  Exhibit 3.  So the potential for attorney's fees was both an action that could be taken, that was intended to be taken if the debt was not resolved, and ultimately fees were requested.

As there is no genuine dispute of material fact regarding what the letter said and B&R ultimately sued on behalf of the creditor and included a request for attorney's fees, Exhibits 2 and 3, and the letter does not otherwise violate § 1692e(5), B&R is entitled to judgment as a matter of law on this claim.

## VI. CONCLUSION

There are no genuine disputes of fact regarding any of Plaintiff Kalebaugh's claims against B&R and B&R is entitled to judgment as a matter of law on each claim.  B&R's letter sets out the amount due, in clear language that fully complies with the requirements of § 1692g(a)(1).  The additional information regarding "attorney fees (where applicable), the exact amount to be determined by agreement between you and us or by a court," does not make it any less clear what the amount of the debt is.  Furthermore, including that language is neither a false representation of the character, status, or amount of the debt, nor a false threat to take any action that cannot or will not be taken, so neither §§ 1692e(2)(A) nor 1692e(5) have been violated.

Finally, the fact that a lawsuit was filed and attorney's fees were sought further demonstrates that such a claim was valid and intended to be pursued.

WHEREFORE, Defendant, Berman & Rabin, P.A. respectfully requests that this Court grant its Motion for Summary Judgment, hold that its letter complies with the FDCPA as a matter of law, enter a final judgment in its favor and against Plaintiff Kalebaugh on all counts, for its costs in this action, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

BERMAN & RABIN, P.A.

/s/ Rachel Ommerman
Rachel B. Ommerman #21868
15280 Metcalf
Overland Park, Kansas  66223
Phone (913) 649-1555
Fax   (913) 652-9474
E-mail: rommerman@bermanrabin.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2013, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to A.J. Stecklein at aj@kcconsumerlawyer.com, counsel for Plaintiff Kalebaugh.

A.J. Stecklein
Michael H. Rapp
Consumer Legal Clinic, LLC
748 Ann Avenue
Kansas City, KS  66101
AJ@KCconsumerlawyer.com
ATTORNEY FOR PLAINTIFF KALEBAUGH

/s/ Rachel Ommerman
Rachel Ommerman